**Darlene SCHAFER, Plaintiff,**

v.

**CITY OF WAUPACA and Robert W. Underberg, Defendants.**

Civ. A. No. 85–C–1724.

United States District Court,
E.D. Wisconsin.

June 25, 1986.

Mark W. Morrow, Franzoi & Franzoi, S.C., Waupaca, Wis., for plaintiff.

Vance M. Waggoner, Denissen, Kranzush, Mahoney & Ewald, S.C., Green Bay, Wis., for defendants.

REYNOLDS, Chief Judge.

This is a claim under 42 U.S.C. § 1983 for damages resulting from the allegedly wrongful denial of a building permit. On April 9, 1986, the Court asked the parties to brief the question of the Court's subject matter jurisdiction. Having considered the briefs submitted by the parties and having considered the question, the Court finds that it lacks jurisdiction over the subject matter of this dispute and that, therefore, the complaint must be dismissed.

## FACTS

The complaint alleges that from October 20, 1981, until sometime after March 28, 1983, defendants City of Waupaca and Robert W. Underberg, in his capacity as city building inspector, refused to issue plaintiff Darlene Schafer a building permit to which she was entitled under a validly enacted city zoning ordinance governing the use of property which she owned in the City of Waupaca. She was, thus, prevented from remodeling a building on her property. She allegedly incurred certain costs and failed to realize certain profits as a result. She sued for equitable relief in state court. Judgment was entered in her favor on August 13, 1982. This judgment was affirmed by the Wisconsin Court of Appeals on March 28, 1983, and has since become final.

## LEGAL ANALYSIS

■ The burden of establishing this Court's subject matter jurisdiction over this action rests on the party asserting it. *Western Transportation Co. v. Couzens Warehouse & Distributors, Inc.*, 695 F.2d 1033 (7th Cir.1982).

■ Schafer claims that Underberg's actions deprived her of property without due process of law. Her complaint, however, sets forth a claim under the Fifth Amendment's taking or Just Compensation clause. There can be no violation of Schafer's rights under that clause until she has unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation. *See Williamson County Regional Planning Commission, et al., v. Hamilton Bank of Johnson City,* —— U.S. ——, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Schafer has pursued her claim in state court and has obtained injunctive relief. She does not allege, however, that she has attempted to obtain damages or compensation in that proceeding, much less that she was unsuccessful in the attempt. Schafer has, therefore, failed to bear her burden of establishing this Court's jurisdiction over her claim. The Court will, therefore, dismiss her complaint without prejudice.

## ORDER

IT IS THEREFORE ORDERED that the complaint in the above-entitled action is dismissed without prejudice.